**E-Filed 1/12/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN R. PREMINGER, et al., | Case Number C 04-2012 JF (HRL) |
| Plaintiffs, | ORDER[1] (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND; AND (2) CONDITIONALLY DENYING PLAINTIFFS' MOTION FOR SANCTIONS |
| v. | |
| R. JAMES NICHOLSON, et al., | |
| Defendants. | |
| | [Doc. Nos. 80, 81] |

Plaintiffs move for leave to amend their complaint and for sanctions against defense counsel.  The Court has considered the briefing as well as the oral arguments presented at the hearing on January 6, 2006.  For the reasons discussed below, the motion for leave to amend will be granted, and the motion for sanctions will be conditionally denied.

**I. BACKGROUND**

This action arises out of a number of incidents in which Plaintiff Steven Preminger and

---

[1] This disposition is not designated for publication and may not be cited.

1  his attorney in this action, Scott Rafferty, attempted to enter Building 331 of the Menlo Park VA[2]

2  campus in order to register voters.  Mr. Preminger and Mr. Rafferty were asked to leave Building

3  331 and subsequently were denied access to the building.[3]  Mr. Preminger is the chairman of the

4  Santa Clara County Democratic Central Committee ("SCCDCC"), which also is a named

5  plaintiff.  Although Mr. Rafferty was a participant in the events giving rise to this action, he is

6  not a party to the action.

7       Plaintiffs Preminger and the SCCDCC filed the operative first amended complaint

8  ("FAC") on July 19, 2004, asserting the following claims:  (1) First Amendment - Freedom of

9  Speech; (2) First and Fourth Amendment - Unlawful Seizure; (3) Fifth Amendment - Equal

10  Protection; (4) Civil Rights Act of 1871; (5) Civil Rights Act of 1957; (6) Voting Rights Act; (7)

11  National Voter Registration Act; (8) Freedom of Information Act; (9) Unconstitutionality of 38

12  C.F.R. § 1.218(a)(14)(ii) As Applied; (10) Injunctive and Declaratory Relief; (11) Relief in the

13  Nature of Mandamus; and (12) Relief Against United States.

14       On the same date, Plaintiffs filed an application for a temporary restraining order

15  ("TRO") requesting that the Court enjoin the VA and its agents from (1) enforcing 38 C.F.R. §

16  1.218(a)(14)(ii); (2) conditioning the visitation of persons to VA premises based upon their

17  expressed or assumed political affiliation or conduct in urging persons to register to vote or

18  commenting upon federal policies; (3) requiring prior authorization for political expression by

19  visitors or residents on VA premises; and (4) interfering with the receipt of political contributions

20  on the exterior grounds of VA premises.  Plaintiffs also requested that the Court issue an order to

21  show cause why a preliminary injunction should not issue.  The application for injunctive relief

22  was based upon Plaintiffs' assertion that they were likely to prevail upon their claims that the

23  VA's conduct violated the First Amendment and that § 1.218(a)(14)(ii) is unconstitutional on its

[2] "VA" is used herein to refer to the United States Department of Veterans Affairs.

[3] The motion practice in this case has focused upon denial of access to Building 331. However, as counsel for Plaintiffs pointed out in oral argument on the instant motions, Plaintiffs also seek clarification of their rights to register voters in other areas of the Menlo Park VA campus.

2

Case No. C 04-2012 JF (HRL)
ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND ETC.
(JFLC2)

1 | face and as applied.

2 |     The Court denied the application for a TRO on July 21, 2004, and, following extensive

3 | supplemental briefing, including the submission of declarations with respect to disputed facts,

4 | denied the motion for a preliminary injunction on September 24, 2004.  The Court concluded that

5 | it lacked jurisdiction to entertain a facial challenge to § 1.218(a)(14)(ii) and that Plaintiffs had

6 | failed to demonstrate a likelihood of success on their First Amendment claim and their as applied

7 | challenge to § 1.218(a)(14)(ii).

8 |     On October 7, 2004, Plaintiffs filed a notice of appeal with respect to the denial of

9 | preliminary injunctive relief.  While that appeal was pending, a nationwide general election was

10 | conducted on November 2, 2004.  The Court held a case management conference on December

11 | 20, 2004, at which time it set a dispositive motions hearing on February 25, 2005 and a trial date

12 | of September 9, 2005.  The parties subsequently filed cross-motions for judgment on the

13 | pleadings ("JOP") with respect to the FAC.  On February 28, 2005, the Court issued an order

14 | denying Plaintiffs' motion for JOP and granting Defendants' motion for JOP as to claims 2-8.

15 | The Court granted Plaintiffs twenty days leave to amend as to claims 3, 4, 7 and 8, and denied

16 | leave to amend as to claims 2, 5 and 6.  Plaintiffs did not amend their pleading within the time

17 | provided or seek an extension of time within which to do so.

18 |     On May 31, 2005, the Court vacated the dispositive motions cut-off of July 1, 2005 in

19 | light of the pendency of Plaintiffs' appeal.  On August 25, 2005, the Ninth Circuit issued a

20 | published opinion affirming this Court's denial of preliminary injunctive relief.  This Court

21 | immediately vacated the trial date of September 9, 2005 and set a status conference for October

22 | 28, 2005 to discuss what, if anything, remained to be litigated in the case.  That conference was

23 | continued by stipulation to January 6, 2006.  On December 2, 2005, Plaintiffs filed the instant

24 | motion for leave to amend the FAC, as well as a motion for sanctions.  A hearing on the motions

25 | was set for the same date as the status conference, January 6, 2006.

26 | **II. MOTION FOR LEAVE TO AMEND**

27 |     Plaintiffs' request for leave to amend is governed by Federal Rule of Civil Procedure

28 | 15(a), which provides that "leave shall be freely given when justice so requires."  In deciding

3

1  whether to grant leave to amend, the Court will consider several factors, including: (1) undue

2  delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4)

3  futility of amendment; and (5) whether the party previously has amended its pleadings. *Bonin v.*

4  *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

5      Defendants argue with some force that Plaintiffs have delayed unduly in seeking leave to

6  amend. As noted above, the Court dismissed a number of claims in the FAC on February 28,

7  2005, and ordered that Plaintiffs file any amended pleading within twenty days. Plaintiffs did not

8  amend within the time provided, and in fact waited more than eight months before seeking leave

9  to amend. At first blush, this delay appears to be inexcusable. Moreover, the explanation for the

10  delay offered by Mr. Rafferty at the hearing cannot be correct. Mr. Rafferty stated that Plaintiffs'

11  overriding concern was to keep an early trial date so that the matters in question could be

12  resolved prior to the November 2004 general election, and that amending the FAC as permitted

13  by the Court and pursuing discovery with respect to those claims would have bogged down the

14  litigation process such that the pre-election trial date would have been lost. However, the cross-

15  motions for JOP were heard in February 2005, *after* the November 2004 election had occurred.

16  Mr. Rafferty's decision not to amend the complaint thus could not have been motivated by a

17  desire to go to trial before the November 2004 election.

18      Mr. Rafferty also represented that he believed he had an informal agreement with

19  Defendants' counsel, Owen Martikan, that the claims dismissed by the Court would be placed on

20  hold while the order denying the preliminary injunction was on appeal. Mr. Rafferty stated that

21  he was quite surprised at Mr. Martikan's opposition to his motion for leave to amend the FAC.

22  For his part, Mr. Martikan denies that any such agreement was reached.

23      While ordinarily it would be inclined to deny the motion to amend based upon the present

24  record, the Court concludes that in this instance granting the motion is in the interests of justice.

25  There is no evidence that Mr. Rafferty acted in bad faith or that permitting the requested

26  amendment would cause undue prejudice to Defendants. Because there has yet to be substantive

27  resolution of Plaintiffs' claims arising from the First Amendment and their as applied challenge

28  to § 1.218(a)(14)(ii), litigation of this case is far from over whether or not the proposed

4

1    amendments are permitted, and the factual underpinnings of the proposed additional claims are

2    closely related to the facts underpinning Plaintiff's existing First Amendment claim.

3         Mr. Martikan argues that if leave to amend is granted, discovery will have to be reopened

4    and that Defendants will incur significant discovery expenses.  Particularly in light of

5    Defendants' argument that the proposed amendments are futile on their face, the Court is mindful

6    of that concern and is not inclined to reopen discovery at this time.  Rather, the Court believes

7    that the most sensible course is for discovery to remain closed pending resolution of a defense

8    motion to dismiss the second amended complaint, assuming that Defendants intend to file such a

9    motion.  If and when it becomes clear that one or more of the amended claims is a claim upon

10   which relief may be granted, the Court can revisit the question of reopening discovery.

11        During the hearing, Mr. Rafferty indicated that he believes that further discovery is

12   necessary with respect to the First Amendment claim and constitutional challenge to §

13   1.218(a)(14)(ii).  Mr. Martikan argued that there was no reason why Plaintiffs could not have

14   taken all relevant discovery as to these claims before the discovery cutoff.  The Court is inclined

15   to agree.  Accordingly, the Court will not reopen discovery as to the First Amendment claim or

16   the challenge to § 1.218(a)(14)(ii) at this time.  However, Plaintiffs may seek relief pursuant to

17   Federal Rule of Civil Procedure 56(f) in connection with their opposition to any motion for

18   summary judgment filed by Defendants.  If Plaintiffs demonstrate that additional discovery is

19   necessary to oppose the motion for summary judgment, and that such discovery could not have

20   been taken before the cutoff in the exercise of due diligence, the Court will revisit the question of

21   reopening discovery.

22        Accordingly, Plaintiffs' motion for leave to amend will be granted, and the Clerk of the

23   Court will be directed to file Plaintiffs' proposed second amended complaint.

24                          **III. MOTION FOR SANCTIONS**

25        Mr. Rafferty requests that the Court impose sanctions against Mr. Martikan under 28

26   U.S.C. § 1927 and under the Court's inherent powers.  Mr. Rafferty contends that Mr. Martikan

27   acted in bad faith by presenting evidence that (1) Mr. Rafferty photographed a psychiatric patient

28   in Building 331 without consent and (2) Mr. Rafferty spent March 2, 2004 - the date of

5

1   California's statewide primary election - at the Menlo Park VA campus registering voters and
2   helping people fill out absentee ballots.  Mr. Rafferty contends that Mr. Martikan knew that the
3   evidence presented on these issues was incompetent and false and nonetheless presented such
4   evidence to the Court and failed to correct the record when requested to do so by Mr. Rafferty.

5       Under § 1927, the Court may require an individual who "multiplies the proceedings in
6   any case unreasonably and vexatiously" to pay the excess costs and attorneys' fees reasonably
7   incurred because of such conduct.  Sanctions may be imposed under § 1927 only upon a finding
8   of subjective bad faith.  *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1997).  Similarly, sanctions
9   may be imposed under the Court's inherent powers only upon a finding that "counsel's conduct
10  constituted or was tantamount to bad faith."  *United States v. Blodgett*, 709 F.2d 608, 610 (9th
11  Cir. 1983) (internal quotation marks and citation omitted).

12      The Court has reviewed the record as a whole to determine whether there is any evidence
13  that Mr. Martikan acted in bad faith in proffering the declarations in question.  The Court notes
14  that some of the declarations submitted by Mr. Martikan were not signed under penalty of
15  perjury.  There does not appear to be any dispute that the witnesses in question actually prepared
16  and signed the declarations, and Mr. Martikan represented during oral argument that he has no
17  reason to doubt the witnesses' statements and that if necessary he could have the witnesses sign
18  their statements under penalty of perjury.  Based upon this representation, the Court will deny the
19  motion for sanctions upon the condition that Mr. Martikan re-submit the declarations in question
20  under penalty of perjury.  If Mr. Martikan is unable to obtain signatures under penalty of perjury
21  from his witnesses, the Court will revisit Mr. Rafferty's motion for sanctions.

22      Mr. Rafferty vigorously denies photographing a psychiatric patient at Building 331 and
23  appearing at the Menlo Park VA campus on March 2, 2004.  The Court emphasizes that it has
24  made no finding that Mr. Rafferty engaged in such conduct.  At the same time, the Court notes
25  that the normal means for resolving disputed issues of fact is a trial, not a motion for sanctions.
26  While the Court sympathizes with Mr. Rafferty's concerns about the damage certain of
27  Defendants' allegations may have caused to his professional reputation, to some extent those
28  concerns flow unavoidably from Mr. Rafferty's status as a participant (as opposed to his status as

6

1 | an attorney) in the events underlying the litigation.

2 | **IV. ORDER**

3 | (1)    Plaintiffs' motion for leave to amend is GRANTED; the Clerk of the Court shall

4 | file Plaintiffs' proposed second amended complaint; and

5 | (2)    Mr. Rafferty's motion for sanctions is CONDITIONALLY DENIED as set forth

6 | herein.

12 | DATED:  1/12/06

14 | _____
JEREMY FOGEL
United States District Judge

Case No. C 04-2012 JF (HRL)
ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND ETC.
(JFLC2)

This Order has been served upon the following persons:


Owen Peter Martikan       owen.martikan@usdoj.gov, lily.c.ho-vuong@usdoj.gov

Scott Joseph Rafferty      rafferty@alumni.princeton.edu, rafferty@alumni.princeton.edu

Case No. C 04-2012 JF (HRL)
ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND ETC.
(JFLC2)