**E-Filed 5/8/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN R. PREMINGER, et al., | Case Number C 04-2012 JF (HRL) |
| Plaintiffs, | ORDER[1] RE SCOPE OF HEARING SET ON MAY 26, 2009 |
| v. | |
| ERIC SHINSEKI, Secretary of Veterans Affairs, | |
| Defendants. | |

The Court issues this order to clarify the scope of the hearing in the above-entitled matter scheduled for May 26, 2009. The Court is prepared to take up the following motions at that hearing: (1) Plaintiffs' motions for sanctions [docket nos. 80 and 134]; (2) Plaintiffs' motion for attorneys' fees [docket no. 238]; and (3) Plaintiffs' motions seeking relief from judgment and leave to file an amended complaint [docket nos. 234 and 237]. The Court will hear argument on the motion for attorneys' fees and the motions for relief from judgment at 9:00 a.m. The Court will conduct an evidentiary hearing with respect to the motions for sanctions commencing at 9:30 a.m.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 04-2012 JF (HRL)
ORDER RE SCOPE OF HEARING SET ON MAY 26, 2009
(JFLC2)

1    There appears to be significant disagreement between the parties as to the scope of
2 Plaintiffs' motions for sanctions and the propriety of calling certain witnesses.   Plaintiffs have
3 filed two formal motions for sanctions in this case.  The first such motion, filed November 28,
4 2005 [docket no. 80], seeks sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent
5 powers.[2]  Specifically, Plaintiffs assert that then-counsel for Defendants, Owen Martikan, falsely
6 represented to the Court that Mr. Rafferty (1) photographed a psychotic patient, and (2)
7 committed felonies by assisting VA residents to mark their absentee ballots on election day.  The
8 second motion, filed March 8, 2007 [docket no. 134], seeks sanctions pursuant to Fed. R. Civ. P.
9 11.  That motion focuses only upon Mr. Martikan's representation that Mr. Rafferty
10 photographed a schizophrenic patient at Building 331.

11    Defendants appear to believe that Plaintiffs have abandoned their sanctions motion based
12 upon representations that Mr. Rafferty assisted VA residents in marking absentee ballots on
13 election day.  However, after reviewing the record, the Court has not discovered any definitive
14 withdrawal of such motion by Plaintiffs.  Rather, it appears that both sanctions motions were
15 conditionally withdrawn or deferred.  The representations at issue appear in docket no. 34,
16 Defendants' Response To The Court's Second Request For Supplemental Briefing.  That
17 document, which was prepared by Mr. Martikan, states expressly that Mr. Rafferty
18 "photographed patients without permission, severely upsetting one paranoid schizophrenic
19 resident for the rest of the day." Doc. No. 34 at 1.  Document no. 34 also includes the declaration
20 of Ms. Polentz, who states that Mr. Rafferty entered Building 331 on March 2, 2004 – the date of
21 the primary election – in order to assist residents to fill out their absentee ballots and/or register
22 them to vote.  Polentz Decl. ¶ 3.  Because Plaintiffs expressly moved for sanctions based upon
23 both representations and have not expressly withdrawn their motions with respect to either of
24 them, the Court concludes that the hearing on May 26, 2009 fairly encompasses Mr. Martikan's
25 representations regarding both incidents, and that the motions fairly are brought pursuant to §
26 1927, the Court's inherent powers, and Rule 11.

27 ─────────────────
28    [2] This motion is styled as a "Renewed Notice Of Motion . . . ," although it appears to be the first sanctions motion brought in this case.

1    Plaintiffs appear to believe that the pending motions for sanctions encompass other
2    representations made by Mr. Martikan, for example, that Mr. Rafferty visited Building 331 in the
3    evenings and acted in a confrontational and intimidating manner with VA staff.  After a careful
4    review of the record, the Court concludes that these issues are not properly encompassed in
5    docket nos. 80 and 134 and have not been preserved as grounds for imposition of sanctions.

6    The relevant witnesses for the May 26 hearing are the percipient witnesses to the
7    photography incident and to Mr. Rafferty's alleged presence at the VA facility on election day, as
8    well as Mr. Martikan and any other government attorney responsible for preparing the documents
9    containing the challenged representations.  The Court expects at a minimum that Dr. Yohannon
10   will testify as to the basis for the statement in her declaration that Mr. Rafferty photographed a
11   schizophrenic patient and that Mr. Martikan will testify as to his state of mind when representing
12   to the Court that Mr. Rafferty photographed a schizophrenic patient.  The Court likewise expects
13   that Ms. Polentz will testify as to the basis of her statement that Mr. Rafferty was present at
14   Building 331 on election day, and that Mr. Martikan will testify as to his state of mind when
15   submitting Ms. Polentz's declaration to the Court.

16   Defendants have indicated that they do not intend to produce Ms. Polentz or Mr.
17   Martikan, although Defendants confirm that both individuals are available to testify on May 26,
18   2009.  The Court is unclear with respect to the legal basis of Defendants' position.  The Court
19   also notes that Defendants' opposition to Plaintiffs' motions for sanctions does not address the
20   representation that Mr. Rafferty was present at the VA facility on election day.  Accordingly, on
21   or before May 15, 2009, Defendants shall file a supplemental brief explaining their refusal to
22   produce Ms. Polentz and Mr. Martikan and providing substantive opposition with respect to the
23   portion of the sanctions motion based upon the representation that Mr. Rafferty was present at
24   the VA facility on election day.

25   In addition to the witnesses discussed above, Plaintiffs seek to compel the testimony of
26   Ms. Girton, Ms. Holden, and Mr. Russo.  The Court is uncertain as to the relevance of the
27   testimony of these witnesses, as none of them is alleged to have witnessed Mr. Rafferty
28   photographing a patient or Mr. Rafferty's presence at the facility on election day, and none of

3

1  them is alleged to have prepared the documents upon which Plaintiffs' sanctions motions are
2  based.  Accordingly, at this time, the Court is not inclined to require the presence of Ms. Girton,
3  Ms. Holden, or Mr. Russo.
4  　　　　Defendants seek to present testimony of Ms. Moreno and Ms. Hill, who allegedly
5  witnessed Mr. Rafferty taking photographs of staff in the lobby.  As the Court understands it,
6  Defendants' position is that the accounts of these witnesses supported Mr. Martikan's reasonable
7  belief that Mr. Rafferty also photographed a schizophrenic patient.  These witnesses may testify
8  for this limited purpose.

**ORDER**

(1)   The scope of the hearing on May 26, 2009 is set forth above;

(2)   Defendants shall file a supplemental brief on or before May 15, 2009, explaining their refusal to produce Ms. Polentz and Mr. Martikan and providing substantive opposition with respect to the portion of the pending motions for sanctions based upon the representation that Mr. Rafferty was present at the VA facility on election day;

(3)   Plaintiffs may file a written response to Defendants' supplemental brief on or before May 22, 2009.

DATED:  5/8/09

_____
JEREMY FOGEL
United States District Judge

4

1  This Order has been served upon the following persons:

3  James A. Scharf james.scharf@usdoj.gov, mimi.lam@usdoj.gov

4  Owen Peter Martikan owen.martikan@usdoj.gov, hui.chen@usdoj.gov

6  Scott J Rafferty rafferty@gmail.com

7  Scott Joseph Rafferty rafferty@alumni.princeton.edu

9  Santa Clara County Democratic Central Committee
c/o Scott Rafferty, attorney
2439 Alvin St
Mountain View, CA 94043

Case No. C 04-2012 JF (HRL)
ORDER RE SCOPE OF HEARING SET ON MAY 26, 2009
(JFLC2)