\*\*E-Filed 9/24/2009\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEVEN R. PREMINGER, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ERIC SHINSEKI, Secretary of Veterans Affairs, et al.,<br><br>        Defendants. | Case Number C 04-2012 JF (HRL)<br><br>ORDER[1] DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br>[re: docket no. 255] |

Plaintiffs seek reconsideration of the Court's Order Re Plaintiffs' Motion For Relief From Judgment, Attorneys' Fees, and Sanctions filed August 25, 2009 ("August 25 Order").[2]  The Court has considered the moving and responding papers and concludes that the motion is appropriate for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons discussed below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

[2] Technically, Plaintiffs' moving papers seek leave to file a motion for reconsideration.  However, because both the moving and responding papers address the merits of such a motion, the Court will treat the instant motion as the motion for reconsideration itself.

Case No. C 04-2012 JF (HRL)
ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
(JFLC2)

As Defendants' counsel points out, Plaintiffs' motion does not fall precisely within the scope of Civil Local Rule 7-9 (governing motions for reconsideration), Federal Rule of Civil Procedure 59(e) (governing motions to alter or amend judgment), or Federal Rule of Civil Procedure 60(b) (governing motions for relief from judgment or order). The Court believes that the instant motion most appropriately should have been brought pursuant to Rule 60(b). However, notwithstanding this ambiguity, the Court has fully considered the merits of the motion.

In large part, Plaintiffs reargue facts and law that this Court considered at length before issuing the August 25 Order. The Court is not persuaded that it misperceived the relevant facts or law. With respect to Plaintiffs' contention that the Court "promised" to award fees, Mot. at 5, Plaintiffs simply are mistaken. As it did prior to issuing the August 25 Order, the Court has reviewed carefully the transcripts of the discussions between the Court and Mr. Martikan on the subject of attorneys' fees. Even assuming that the Court could have elicited a binding promise from Mr. Martikan to pay attorneys' fees based upon a result that falls short of that required under *Buckhannon*[3], at most Mr. Martikan agreed that the government would be required to pay fees *if* Plaintiffs prevailed on their equitable claims for relief, or *if* as a result of the lawsuit the government changed its policy in a manner that conferred a public benefit.

In terms of orders actually issued by the Court in this case, Plaintiffs clearly did not prevail on any of their equitable claims. Although they continue to assert nonetheless that this lawsuit caused the government to change its policy in a manner that conferred a public benefit, Plaintiffs have not shown that the government changed its policy *as a result of this lawsuit*[4], nor

---

[3] *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598 (2001).

[4] Plaintiffs rely upon statements made in a September 15, 2008 session of the United States Senate Committee on Rules and Administration. The purpose of the session was to hear testimony regarding proposed legislation, The Veterans Voting Support Act, S. 3308. Senator Dianne Feinstein, commenting upon the 2008 changes in VA policy, stated that "I do not believe the Veterans Administration would have moved one iota had it not been for the publicity and the support that this bill has had out there." CMC Statement filed 3/19/2009 (docket no. 225), Exh. 2, Senate Trans. Paul Hutter, General Counsel for the Department of Veterans Affairs, stated in

have they demonstrated that any changes in the subject policy conferred a public benefit.[5] Defendants never agreed that *any* change in policy during the lengthy course of this litigation would entitle Plaintiffs to attorneys' fees.  Even if Defendants are bound by Mr. Martikan's statement, Plaintiffs' reading of the subject colloquy is overbroad.

With respect to Plaintiffs' contention that the Court inappropriately excluded Plaintiffs' damages claim from the trial, the record shows that the Court and the parties had several lengthy discussions regarding the scope of the trial, and agreed explicitly that the trial should focus on whether Defendants violated Plaintiffs' constitutional rights by excluding Plaintiffs from Building 331.  Plaintiffs failed to establish such a violation.  The Court of Appeals similarly concluded that Plaintiffs had failed to establish a violation of their constitutional rights.  Plaintiffs appear to argue that this Court is or was obligated to conduct a trial as to whether Plaintiffs' rights were violated by exclusion from any other part of the VA campus, from the

---

response that the VA's policy changed "in response to a mere suggestion by a judge in Santa Clara County that we re-look at our policy." *Id*.  Mr. Hutter stated a few moments later that "[w]e changed our policy recently because we were not clear in what we were doing." *Id*.; *see also* Appendix to Def's Reply filed 5/5/2009 (docket no. 242), Exh. C, Written Statement of Paul Hutter.  Mr. Hutter's reference to the instant lawsuit certainly suggests that this Court's comments played into the VA's decision to re-examine its policy, and the Court is gratified that this is so.  However, Mr. Hutter's comments do not constitute probative evidence that the current VA policy in fact resulted from the instant litigation, particularly in the face of Senator Feinstein's apparent belief that it was the publicity generated by the proposed legislation that led to the change in policy.  Moreover, as Mr. Hutter's written statement makes clear, after the initial policy change in May 2008, VHA Directive 2008-025, the VA consulted with Veterans Service Organizations, members of Congress, the National Association of Secretaries of State, and veterans themselves, and determined that VHA Directive 2008-025 did not go far enough.  Appendix to Def's Reply filed 5/5/2009 (docket no. 242), Exh. C, Written Statement of Paul Hutter.  It was at that point that the VA published the current policy, VHA Directive 2008-053.

[5] In fact, Plaintiffs themselves dispute that the current policy is "entirely lawful." Mot. at 8-9.  Plaintiffs also assert that VHA Directive 2008-053, requiring every VA facility to publish time, place, and manner restrictions on third-party voter registration, is a paper policy only.  In June of this year, Plaintiffs informed the Court that "[a]s of today, no facility has implemented that directive or published policies." Plaintiffs' Letter Brief filed 6/30/2009 at 4.  Given Plaintiffs' own view of the current VA policy, the Court concludes that Plaintiffs have not shown that the recent changes in VA policy have conferred a public benefit sufficient to entitle Plaintiffs to attorneys' fees, even accepting Plaintiffs' construction of the Court's discussions with Mr. Martikan.

1  dates alleged in the complaint through the present, taking into account every permutation of the
2  VA's policy over the years.  The Court disagrees.  The Court tried the case that was before it, as
3  shaped by the preceding years of discovery and motion practice.  That case has been fully
4  adjudicated.  The Court declines to reopen that case for the reasons discussed at length on the
5  record and in the August 25 Order.

6        Plaintiffs' motion for reconsideration is DENIED.

10  DATED:  9/24/2009

                                                                                                                             JEREMY FOGEL
                                                                                                                             United States District Judge

Case No. C 04-2012 JF (HRL)
ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
(JFLC2)

1 | Copies of Order served on:
2 |
3 | James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov
4 | Owen Peter Martikan    owen.martikan@usdoj.gov, Marina.Ponomarchuk@usdoj.gov
5 | Scott Joseph Rafferty    rafferty@alumni.princeton.edu