1

2          **E-Filed 5/21/2010**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   STEVEN R. PREMINGER, et al.,            Case Number C 04-2012 JF (HRL)

13                      Plaintiffs,          ORDER[1] DENYING PLAINTIFFS'
                                             MOTION FOR DECLARATORY AND
14             v.                            EQUITABLE RELIEF PURSUANT TO
                                             *FREEDMAN V. MARYLAND*, OR IN
15   ERIC SHINSEKI, Secretary of Veterans Affairs, et   THE ALTERNATIVE PURSUANT TO
     al.,                                    RULE 60(b)
16
                       Defendants.           [re:  docket no. 262]
17

18

19

20

21          Plaintiffs have filed a "Motion For Declaratory And Equitable Relief Pursuant To

22   *Freedman v. Maryland*[2], Or In The Alternative, Pursuant to Rule 60(b)."  The Court has

23   considered the moving and responding papers and the oral argument of counsel presented at the

24   hearing on May 21, 2010.  For the reasons discussed below, Plaintiffs' motion will be denied.

25

26   _____

27          [1] This disposition is not designated for publication in the official reports.

28          [2] *Freedman v. Maryland*, 380 U.S. 51 (1965).

Case No. C 04-2012 JF (HRL)
ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY AND EQUITABLE RELIEF ETC.
(JFLC2)

# I. BACKGROUND

Plaintiffs commenced this action exactly six years ago, on May 21, 2004, challenging on First Amendment grounds the refusal of the Department of Veterans Affairs ("VA") to permit Plaintiffs to register voters on the Menlo Park VA Campus.  Plaintiffs asserted both facial and as-applied challenges to the regulation under which they were excluded, 38 C.F.R. § 1.218(a)(14) ("the Regulation").  This Court denied Plaintiffs' motion for a preliminary injunction, concluding that it lacked subject matter jurisdiction over Plaintiffs' facial challenge to the Regulation because the Federal Circuit had exclusive jurisdiction over that claim, and that Plaintiffs had failed to demonstrate that they were entitled to injunctive relief with respect to their as-applied challenge.  Order of 9/24/2004.  The Court of Appeals affirmed that ruling.  *See Preminger v. Principi*, 422 F.3d 815, 821-26 (9th Cir. 2005).  Plaintiffs filed their facial challenge in the Federal Circuit, which rejected that claim on the merits.  *See Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1302-03 (Fed. Cir. 2008).

In April 2007, this Court conducted a three-day bench trial with respect to Plaintiffs' as-applied challenge.   The Court limited the scope of the trial to Plaintiffs' claims arising out of their exclusion from Building 331 on the Menlo Park VA Campus.  On January 28, 2008, the Court issued a Memorandum of Intended Decision in favor of Defendants.  On April 11, 2008, the Court issued Findings of Fact and Conclusions of Law ("FFCL")[3] and entered judgment for Defendants.  The Court of Appeals affirmed the judgment.  *See Preminger v. Peake*, 552 F.3d 757, 769 (9th Cir. 2008).  The Court of Appeals held expressly that this Court did not abuse its discretion in limiting the scope of the trial to Plaintiffs' exclusion from Building 331.  *Id*. at 768-69.

Plaintiffs sought relief from judgment, seeking to amend the Court's FFCL and to file an amended complaint addressing policy changes made after trial and seeking damages for the full period of Plaintiffs' exclusion from the VA facility.  Plaintiffs also sought an award of attorneys' fees and sanctions.  On August 25, 2009, this Court denied Plaintiffs' motions for

---

[3] On June 11, 2008, the Court amended its FFCL to correct a significant typographical error after obtaining leave to do so from the Court of Appeals.

Case No. C 04-2012 JF (HRL)
ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY AND EQUITABLE RELIEF ETC.
(JFLC2)

1    relief from judgment, attorneys' fees, and sanctions.  In denying Plaintiffs' request to reopen the

2    case, the Court held as follows:

3            With respect to Plaintiffs' motion for leave to reopen the case and file an amended
             complaint, it is not at all clear that the Court has authority to grant the requested
4            relief given that the judgment has been affirmed on appeal and the Court of
             Appeals did not remand the matter to this Court for further proceedings.  Even if it
5            does have such authority, the Court in its discretion would not permit the proposed
             amendment.  Plaintiffs seek to litigate policies instituted after the events
6            giving rise to the instant litigation.  Given the complex procedural history of this
             case, the Court believes that it would be much more appropriate for Plaintiffs to
7            litigate such policies in a new lawsuit.  The Court is mindful of Plaintiffs'
             financial circumstances, and it certainly does not wish to impose any unnecessary
8            burden upon Plaintiffs by requiring them to pay a new filing fee or the other costs
             associated with commencing a new lawsuit.  However, the Court concludes that
9            tacking the new claims on to this case would cause needless procedural confusion.
             Plaintiffs assert that at the least they should be permitted to amend the operative
10           complaint to litigate their damages claim arising out of the events that predated
             the filing of the instant lawsuit.  However, it does not appear that Plaintiffs would
11           be entitled to any damages, because Plaintiffs failed to prove at trial that
             Defendants are liable with respect to any of their claims.  Accordingly, Plaintiffs'
12           motion for leave to reopen this case and amend the complaint will be denied,
             without prejudice to any future litigation asserting claims not adjudicated herein.

13

14   Order of 8/25/2009 at 3.  In denying Plaintiffs' motion for reconsideration, the Court concluded

15   that:

16           With respect to Plaintiffs' contention that the Court inappropriately excluded
             Plaintiffs' damages claim from the trial, the record shows that the Court and the
17           parties had several lengthy discussions regarding the scope of the trial, and agreed
             explicitly that the trial should focus on whether Defendants violated Plaintiffs'
18           constitutional rights by excluding Plaintiffs from Building 331.  Plaintiffs failed to
             establish such a violation.  The Court of Appeals similarly concluded that
19           Plaintiffs had failed to establish a violation of their constitutional rights.  Plaintiffs
             appear to argue that this Court is or was obligated to conduct a trial as to whether
20           Plaintiffs' rights were violated by exclusion from any other part of the VA
             campus, from the dates alleged in the complaint through the present, taking into
21           account every permutation of the VA's policy over the years.  The Court
             disagrees.  The Court tried the case that was before it, as shaped by the preceding
22           years of discovery and motion practice.  That case has been fully adjudicated.  The
             Court declines to reopen that case for the reasons discussed at length on the record
23           and in the August 25 Order.

24   Order of 9/24/2009 at 3-4.

25           On March 1, 2010, Plaintiffs filed a motion seeking leave to file a citation to new

26   authority, *Citizens United v. FEC*, — U.S. —, 130 S.Ct. 876 (2010).  The Court denied that

27   motion, stating that "[j]udgment has been entered in the instant case, and all post-judgment

28   motions have been adjudicated.  The case is closed.  Unless and until Plaintiffs successfully seek

                                                    3

1   relief from judgment, it would serve no purpose to permit Plaintiffs to file a citation to new

2   authority."  Order of 3/17/2010 at 1-2.  Plaintiffs responded by filing the instant motion.

3                                      **II. DISCUSSION**

4           As noted in the prior orders discussed above, judgment has been entered in this case and

5   that judgment has been affirmed by the Court of Appeals.  Accordingly, in order for this Court to

6   adjudicate any additional claims or to grant any relief in the context of *this* case, Plaintiffs first

7   must obtain relief from judgment.

8           Federal Rule of Civil Procedure 60(b) provides as follows:

9           (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion
            and just terms, the court may relieve a party or its legal representative from a final
10          judgment, order, or proceeding for the following reasons:

11          (1) mistake, inadvertence, surprise, or excusable neglect;

12          (2) newly discovered evidence that, with reasonable diligence, could not have
            been discovered in time to move for a new trial under Rule 59(b);

13
            (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
14          misconduct by an opposing party;

15          (4) the judgment is void;

16          (5) the judgment has been satisfied, released or discharged; it is based on an
            earlier judgment that has been reversed or vacated; or applying it prospectively is
17          no longer equitable; or

18          (6) any other reason that justifies relief.

19   Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time – and

20   for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

21   date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  The instant motion is brought more than one

22   year after entry of judgment.  Reasons (4) and (5) do not apply.  Thus Plaintiffs must seek relief

23   under reason (6).

24          "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest

25   injustice.  The rule is to be utilized only where extraordinary circumstances prevented a party

26   from taking timely action to prevent or correct an erroneous judgment."  *United States v. Alpine*

27   *Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Plaintiffs appear to be arguing that

28   a change in the law, embodied in *Citizens United*, constitutes the requisite extraordinary

                                              4

1  circumstance.  As an initial matter, "a change in the law will not *always* provide the truly

2  extraordinary circumstances necessary to reopen a case." *Phelps v. Almeida*, 569 F.3d 1120,

3  1133 (9th Cir. 2009) (internal quotation marks and citation omitted).  "[T]he decision to grant

4  Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance

5  numerous factors, including the competing policies of the finality of judgments and the incessant

6  command of the court's conscience that justice be done in light of all the facts." *Id*. (internal

7  quotation marks and citation omitted).

8  　　　Plaintiffs argue that in *Citizens United* the Supreme Court expanded the protections

9  afforded to political speech by the First Amendment.  In that case, the Supreme Court overturned

10  certain limits on campaign spending by corporations, stating that "the Government may not

11  suppress political speech on the basis of the speaker's corporate identity.  No sufficient

12  governmental interest justifies limits on the political speech of nonprofit or for-profit

13  corporations." *Citizens United*, 130 S.Ct. at 913.  The case is not directly on point, because it

14  addresses speech in the context of campaign spending rather than voter registration.  Moreover,

15  the opinion notes that "[t]he Court has upheld a narrow class of speech restrictions that operate to

16  the disadvantage of certain persons, but these rulings were based on an interest in allowing

17  governmental entities to perform their functions." *Id*. at 899 (citing cases).  Central to the Ninth

18  Circuit's decision upholding the judgment in the instant case was its observation that the primary

19  purpose of the VA facility is to provide veterans with necessary healthcare; the court held that

20  "[i]n light of the facility's mission to provide skilled nursing care to its patients, the VA's

21  decision to exclude Plaintiffs was reasonable." *Preminger*, 552 F.3d at 766.  Accordingly, the

22  Court is not persuaded that *Citizens United* alters the legal landscape to a degree that relief under

23  Rule 60(b)(6) would be warranted.

24  　　　However, even if it were to conclude that the requisite extraordinary circumstances exist,

25  the Court would not exercise its discretion under Rule 60(b)(6) to grant the relief requested by

26  Plaintiffs.  Plaintiffs seek a full review of the constitutionality of the VA's directives and

27  unwritten policies governing voter registration on VA campuses.  Assuming without deciding

28  that this Court would have subject matter jurisdiction to conduct such review in an appropriate

1   case, *this* is not such a case.  The Court has explained several times on the record and in its prior

2   written orders why it believes that it would be impractical and imprudent to reopen and expand

3   the instant case in the manner requested by Plaintiffs.  The Court has not changed its opinion

4   with respect to this point.  Accordingly, the instant motion will be denied without prejudice to

5   Plaintiffs' filing a new action challenging the VA's directives and policies and raising any other

6   claims Plaintiffs believe to be appropriate.  The Court expresses no opinion as to the potential

7   viability of any such claims or any defenses thereto.

8                                   **III. ORDER**

9           Plaintiffs' motion for declaratory and equitable  relief or, in the alternative, for relief

10  under Rule 60(b), is DENIED.

13  DATED: 5/21/2010

15  JEREMY FOGEL
    United States District Judge

Case No. C 04-2012 JF (HRL)
ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY AND EQUITABLE RELIEF ETC.
(JFLC2)